### FRANK C. SCOFIELD v. EUNICE SCOFIELD.

*Misnomer—Failure of quit-claim—Homestead interest.*

Land was bought in 1864 by Robert Scofield, but the grantee, as named in the deed, was Robert J. Scofield, Jr. Robert Scofield had a son named Robert Junior Scofield, who quit-claimed the land in 1874, after the death of his father. The widow of Robert sued the grantee in ejectment for her dower, and defendant's counsel claimed that defendant held a homestead right and that his wife should have been joined as a party. The jury found for the plaintiff. *Held*, that this was conclusive as to the question whether defendant's grantor had any interest to convey, and that no question of homestead could be raised.

Error to Ingham. Submitted Oct. 20. Decided Oct. 27.

EJECTMENT. Defendant brings error. Affirmed.

*Conely & Lucking* for plaintiff in error.

*H. A. Shaw* and *H. P. Henderson* for defendant in error.

GRAVES, J. The defendant in error as the wife of Robert Scofield, deceased, sued in ejectment for her dower in seventy acres of land situated in Ingham county. The title

to the land was conveyed on the 6th of December, 1864, by one Landfair, and the grantee in the deed was described under the name of "Robert J. Scofield, Jr." The purchase was in fact by the plaintiff's husband and he received the deed and paid the whole consideration. He shortly after removed with plaintiff and several children from the state of New York and took up his residence on the premises and thereafter occupied them as his homestead until his death, which occurred on the 4th of January, 1874. The plaintiff remained there until about the 5th of May, 1875.

At the time her husband made the purchase he had a son in New York bearing the name of "Robert Junior Scofield," and in August, 1874, this son quit-claimed the farm to the defendant below for $300. About the same time the parties to the action made an arrangement for the plaintiff in error to occupy. But not long after, a dispute arose between them in regard to their interest. He made claim that the deed from Landfair was to young "Robert Junior Scofield" who had given him the quit-claim, and not to decedent, the late husband of the defendant in error, and he denied that she had any right of dower in the premises. She insisted on the other hand that decedent was the true grantee in the Landfair conveyance, and that she was consequently entitled to have her thirds in the farm, and the only real contention before the jury was which of these conflicting claims as to the actual grantee in that deed was true.

The evidence was not harmonious, but the jury under a charge which in regard to this question was entirely fair, found in favor of defendant in error. Indeed the learned counsel for the plaintiff in error was so well satisfied with the instructions given in this respect that he observed to the court that he was content with them.

An argument is now made that the plaintiff in error held a homestead right in the premises, and that his wife was hence interested and was a necessary party to the suit; that the action brings into question his right of possession of a considerable portion of the premises and materially concerns the right of homestead in which his wife is equally and inseparably interested, and that the suit must be defective

unless she is joined so as to affect both in the same way and to the same extent by any judgment in the case or by any writ of possession.

It is quite unnecessary to examine this theory or pass upon the question as an abstract consideration. It is sufficient for this case that whatever force it might have in given circumstances, it is not involved in this controversy. Mrs. Scofield sues for dower in land alleged to have belonged to her husband at his death, and if her husband then owned it, her right became perfect at once, and the plaintiff in error was never in such relation to the land as to give him the shadow of a homestead right against her. On the other hand, if young Scofield, from whom the plaintiff in error claims, was the real grantee in the deed from Landfair, it follows that the plaintiff in error has the whole title and interest, and not merely a right of homestead, and that the defendant in error has no dower interest whatever. He has no occasion to set up a homestead, because there is no competing or impugning right to call the law of homestead into activity. The controversy turns therefore on considerations which necessarily exclude all inquiry relative to that law.

If we admit that Mrs. Scofield's case is as she claims,—and she could not recover on any other ground,—it follows that the plaintiff in error has no possessory or other right to enable him to pretend to the semblance of a homestead. And we have seen that the finding by the jury has established the correctness of her contention. They have found expressly that the deed from Landfair was given to her deceased husband, not to the grantor or plaintiff in error.

The exceptions to evidence call for no comment. We think that a ruling either way might have been made without giving cause for a new trial.

The portion of the charge relating to tenancy was hardly called for by the circumstances; but we are satisfied it did not prejudice the plaintiff in error. If any one was likely to be hurt by it, it was the defendant in error.

The judgment should be affirmed with costs.

The other Justices concurred.